IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JERRY McCANTS,

    Plaintiff,

vs.                               Case No. 4:09cv298-SPM/WCS

CAPTAIN ROUSE, and
CORRECTIONAL OFFICER DURHAM,

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has now filed a third amended complaint. Doc. 28. Plaintiff's complaint does not comply with Rule 8's requirement to submit "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2), *quoted in* Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 1634, 171 L.Ed.2d 577 (2005). Plaintiff's third amended complaint continues to be repetitive, conclusory, and too lengthy.

The allegations of a complaint need only give a defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*, at 1634, *quoting* Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A lengthy recitations of

details is unnecessary at this stage of litigation, although Plaintiff's complaint must provide sufficient information so that a Defendant can know what he or she is alleged to have done, and be able to respond to those allegations. Here, Plaintiff's third amended complaint does not comply with Rule 8, as it is some thirty-nine pages of repetitive allegations.

There is no need, however, to provide Plaintiff with another opportunity to submit a fourth amended complaint, as the grievances which Plaintiff submitted with his complaint demonstrate Plaintiff failed to properly exhaust administrative remedies.

When the Prison Litigation Reform Act was enacted, Congress mandated that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct

when he could not yet identify those persons).  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  Jones v. Bock, 549 U.S. 199, 204-209, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007)[1].

A prisoner must also comply with the process set forth and established by the grievance procedures.  See Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).  In other words, not only must a prisoner exhaust a claim under § 1997e(a), the "PLRA exhaustion requirement requires proper exhaustion."  Woodford v. Ngo, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements).  Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of the grievance.  See Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999)(noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"); Bryant v. Rich, 530 F.3d at 1373.

It is true that Defendants "bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies."  Turner v. Burnside, 541 F.3d 1077,

---

[1] The Court further rejected the view of the Sixth Circuit when it concluded that "nothing in the statute [§ 1997e(a)] imposes a 'name all defendants' requirement." Jones v. Bock, 549 U.S. at 217-219, 127 S.Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").

1082-83 (11th Cir. 2008), *relying on* Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 910, 921, 166 L.Ed.2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Dixon v. United States, 548 U.S. 1, 8, 126 S.Ct. 2437, 2443, 165 L.Ed.2d 299 (2006) (stating that, as a "general evidentiary rule," the burdens of production and persuasion are given to the same party); Roberts v. Barreras, 484 F.3d 1236, 1240 (10th Cir. 2007) ("Jones does not spell out the proper burden of proof to use in evaluating exhaustion claims, but circuits that treated exhaustion as an affirmative defense prior to Jones have all put the burden of proof on defendants, to the extent that they addressed the issue."). Nevertheless, where it is clear on the face of the complaint that the prisoner failed to properly exhaust administrative remedies, a district court may dismiss the action under § 1915A even though a prisoner has no obligation to affirmatively show exhaustion. *Cf.* Jones v. Bock, 549 U.S. 199, 127 S.Ct. at 920-21, 166 L.Ed.2d 798 (2007) (holding that the PLRA's exhaustion requirement is an affirmative defense, but reiterating that the normal pleading rules remain unchanged, and thus, "[w]hether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract."); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) ("[a] complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.' "), *quoting* Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003). Where, as here, an affirmative defense appears on the

face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the court may dismiss the complaint.

Plaintiff has attached his grievances to the third amended complaint. Doc. 28, pp. 26-39. Plaintiff filed a "grievance of sensitive nature" to the warden on December 17, 2008, complaining about the July 10, 2008, event when the officers used chemical agents on Plaintiff. *Id.*, at 26. Those are the events at issue in this case. The response, dated January of 2009, first advised that the grievance was "not accepted as a grievance of a sensitive nature." *Id.*, at 27. The response, nevertheless, stated that Officer Durham and Captain Rouse were contacted and explained the use of force was necessary because Plaintiff did not cease being disruptive. *Id.* The grievance response then concluded by stating, "based on the above information your request for Administrative Remedy or Appeal is denied." *Id.* This was a proper grievance because, although it was rejected as a grievance of a sensitive nature, a response on the merits was provided.

The problem is, Plaintiff did not properly appeal this denial to the Secretary. On January 14, 2009, Plaintiff filed a "request for administrative remedy or appeal" again to the warden, complaining about the use of force and asserting that his medical condition should have precluded the use of chemical agents. *Id.*, at 28. Plaintiff stated the grievance was "to asked [sic] (or want to know) the full names of the confinement staff who was [sic] involved in this incident, and to know the full name of the medical personell [sic] who gave the authorization for chemical agents to be used on" Plaintiff. *Id.* The response, dated January 16, 2009, advised that "the grievance process is not to be utilized to ask questions, seek information, guidance, or assistance" and denied

Plaintiff's request. *Id.*, at 29. Plaintiff was directed to submit an inmate request to security and medical to seek the information requested. *Id.*

On January 20, 2009, Plaintiff sent to the Secretary an Appeal, stating that it was a "response to a formal grievance filed on 1-16-09" and again "requested to know the names of Taylor Annex Confinement Officers who was [sic] involved in a 'use of force' incident that resulted in chemical agents being used on" Plaintiff. *Id.*, at 30. Plaintiff stated that he was told he could not ask question or seek information, and he added that the incident occurred while he was in administrative confinement in July, 2008. *Id.* He again requested to know the names of the officers involved and the medical staff who authorized the use of force. *Id.* Plaintiff's appeal was deemed to be "in non-compliance: with the Rules, just as his institutional grievance was "determined to be in non-compliance with the requirements of the rule." *Id.*, at 31. The appeal was "returned without action" and dated January 27, 2009. *Id.* This was not an appeal from the December 17, 2008, grievance to the warden. Instead, Plaintiff went off on a tangent, trying to obtain names, which he had been told he could not do in a grievance.[2]

Plaintiff filed another appeal to the Secretary's office on February 2, 2009, complaining that the response he received was "inadequate." *Id.*, at 32. Plaintiff argued the conclusions were wrong and, among other things, that his grievance should not have been denied based on the denials of Officer Durham when questioned about the incident. *Id.* This was an attempt to lodge a proper appeal, but it was untimely. The response, dated February 17, 2009, advised Plaintiff that his appeal was "in non-

---

[2] It was frivolous as well. Plaintiff was provided the names of the officers involved, who are the named Defendants in this case, when his grievance of a sensitive nature was denied. Doc. 28, p. 27.

compliance with Chapter 33-103.014(i), which states that the appeal must be received in the office of the Secretary within fifteen calendar days of the institutional response." *Id.*, at 33. Plaintiff's grievance was "returned without action." *Id.*

As inmates are required to properly exhaust administrative remedies, and because it is clear on the face of the complaint that Plaintiff failed to do so, there is no need to continue this litigation in an effort for Plaintiff to submit a complaint in compliance with Rule 8. This case should be dismissed for failure to state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 28, be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on August 31, 2010.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**